BEFORE THE AMERICAN ARBITRATION ASSOCIATION

COMMERICAL ARBITRATION TRIBUNAL

In the matter between:

CHOICE HOTELS INTERNATIONAL, INC.

   *Claimant,*

v.

HITESH PATEL

   *Respondent.*

No. 01-19-0003-3912

### EX PARTE AWARD OF ARBITRATOR

    I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties in the Choice Hotels International, Inc. (Choice) Franchise Agreement represented by Kristen Bugel, Esq., dated December 22, 2017 ("Agreement"), and having been duly sworn and the oral hearings having been waived in accordance with the Rules, and having fully considered the evidence from Choice Hotels International, Inc. ("the Claimant"), including witness Gery Brown (Claimant's Director of Credit), and other documentation provided by Claimant,[1] and the ex parte Respondent having failed to submit documents after due notice by mail in accordance with the Rules, do hereby, FIND and AWARD, as follows:

    I.    Facts

    The Respondent, Hitesh Patel, entered into the Agreement with Claimant on December 22, 2017. Ex. 1. Certain deadlines are included in the Agreement to upgrade and otherwise prepare Respondent's property to open as a Rodeway and be added to the Choice system. According to Brown, all milestone deadlines were missed Ex. A at ¶6. Respondent failed to communicate with Choice starting in February 2018. On May 22, 2018, Choice sent out a Notice of Default. Ex. 2. When not cured, (Ex. 3) on December 21, 2018, Choice sent a Notice of Termination to Respondent that the Franchise Agreement was terminated for failure to cure

---

[1] Respondent failed to appear at the pre-hearing conference or otherwise present a defense to the claims.



the defaults identified in the Notice of Default and opening the Rodeway in Choice's system pursuant to the Franchise Agreement. Citing the Affidavit of Gery Brown, Choice alleges it has sustained damages including contractually agreed upon liquidated damages in the amount $76,500.00 under Agreement §10(d)(3) plus arbitration costs and fees under §16. The costs of arbitration include a $1,925 filing fee and $1,750 in arbitrator compensation.

## II. Award

Claimant is awarded, and Respondent is obligated to pay, $76,500 under the terms of the Agreement. This amount is calculated at 85 rooms (Ex. 1 at §1(b)) multiplied by $25 x 36 months. §10(d)(3).

The administrative fees of the American Arbitration Association totaling $1,925 and the compensation of the arbitrator totaling $1,750 shall be borne by Respondent. Therefore, in addition to the above awarded amount, Respondent shall reimburse the sum of $3,675, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant, for a total award of **$80,175**.

The above sums are to be paid on or before 45 days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

August 4, 2020                                  /s/ *Tracy D. Rezvani*

_____                          _____

Date                                            Tracy D. Rezvani, Esq.