UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL,
INC.,

    Plaintiff,

    v.

HITESH PATEL,

    Defendant.

Civil Action No. TDC-21-0213

**ORDER**

On January 26, 2021, Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed an Application to Confirm Arbitration Award against Defendant Hitesh Patel. The award at issue was based on Defendant's alleged breach of a franchise agreement between the parties ("the Franchise Agreement"), specifically Defendant's failure to complete changes and additions to upgrade a hotel, to cure existing deficiencies, to open the hotel as a Rodeway Inn by a specified date, and then to pay contractually required liquidated damages after the termination of the Franchise Agreement. Although Defendant was notified of the arbitration proceedings relating to the alleged breach of contract, he did not present any evidence or participate in the arbitration proceedings. On August 4, 2020, the arbitrator awarded Choice Hotels a total of $80,175 in damages, comprised of liquidated damages, arbitrator compensation, and administrative expenses.

Defendant was served with the Application on March 30, 2021. Defendant has not filed a response to the Application. On August 16, 2021, Choice Hotels filed a Motion for Clerk's Entry of Default and a Motion for Default Judgment against Defendant. The Clerk entered an Order of Default on August 18, 2021. Although Defendant was served with the Motion for Default

Judgment, to date, Defendant has not responded to it or to any other filing in this case. The Motion is now ripe for disposition, and the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion for Default Judgment will be GRANTED.

## DISCUSSION

In the Motion for Default Judgment, Choice Hotels asserts that Defendant has failed to file a timely responsive pleading to its Application. Thus, Choice Hotels argues that it is entitled to default judgment against Defendant in the amount of the arbitration award and costs.

### I. Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), a default judgment after an entry of default is left to the discretion of the court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Although the United States Court of Appeals for the Fourth Circuit recognizes a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive, *Lawbaugh*, 359 F. Supp. 2d at 421–22 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). When default judgment is sought with respect to an application for confirmation of an arbitration award, the plaintiff must show that it is entitled to confirmation as a matter of law. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006).

### II. The Arbitration Award

The Court is satisfied that it has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Choice Hotels is a Delaware corporation with its headquarters located in Rockville, Maryland. Defendant Hitesh Patel is a citizen of the State of Alabama. In addition, the amount in controversy is greater than the $75,000 jurisdictional minimum under 28 U.S.C. § 1332.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16 (2018), provides in part that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Here, the Franchise Agreement contains an arbitration clause that states that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." Franchise Agreement ¶ 21, Appl. Ex. 1, ECF No. 1-1. Choice Hotels filed its application to confirm the award within one year of the arbitrator's decision. The award was rendered in the State of Maryland. The Court is therefore satisfied that the requirements of the FAA are met, such that it may review the arbitration award.

Judicial review of an arbitration award is "severely circumscribed," and, in fact, is "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnote omitted). Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a dispute within the scope of the arbitration clause, federal courts may vacate an arbitration award only upon a showing of one of the grounds set forth in the FAA, or if the arbitrator acted in manifest disregard of law. *Id.* Section 10 of the FAA limits review to the following grounds: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption" on the part of the arbitrators; (3) "the arbitrators were guilty of misconduct" by which "the rights of any party

have been prejudiced"; or (4) "the arbitrators exceeded their powers." 9 U.S.C. § 10(a). A misinterpretation of a contract, or of law, does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of grounds for vacating the award. *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

Here, Choice Hotels alleges, and the arbitrator awarded damages for, a breach of the parties' Franchise Agreement, specifically, Defendant's failure to complete changes and additions to upgrade the hotel, to cure existing deficiencies, to open it as a Rodeway Inn, and then to pay contractually required liquidated damages after the termination of the Franchise Agreement. As noted above, the Franchise Agreement provides that a claim for breach of the agreement is subject to arbitration, so the claims resolved by arbitration were within the scope of the parties' agreement. Although Defendant was served in this case and received notice of the Motion, he has failed to file an Answer to Choice Hotels' Application or otherwise make a showing of any grounds for vacating the arbitration award. Nor is there anything in the record to suggest that any of the limited grounds for setting aside an arbitration award are present in this case. *See* 9 U.S.C. § 10(a). Accordingly, the Court will grant the Motion for Default Judgment to the extent it seeks confirmation of the arbitrator's award of $80,175. Choice Hotels also asks to be awarded $400 in costs, the filing fee for this action, which the Court will grant. *See* Fed. R. Civ. P. 54(d)(1).

To the extent that Choice Hotels also requests post-judgment interest for the time period following this Court's grant of default judgment, Choice Hotels is entitled by statute to such post-judgment interest as calculated under federal law, so the Court need not specifically award it. *See*

28 U.S.C. § 1961(a) (2018) ("Interest shall be allowed on any monetary judgment in a civil case recovered in a district court.").

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff Choice Hotels's Motion for Default Judgment, ECF No. 7, is GRANTED.
2. The arbitration award of August 4, 2020 is confirmed.
3. Judgment is entered in favor of Choice Hotels and against Defendant Hitesh Patel in the amount of $80,175, which shall accrue post-judgment interest as specified by statute.
4. Choice Hotels is awarded $400 in costs.
5. The Clerk shall close this case.

Date: November 3, 2021

THEODORE D. CHUANG
United States District Judge